**Johnnie Lee CARTER, Appellant,**

v.

**EL PASO COUNTY, Texas
and Constable Peter E.
Melendez, Appellees.**

No. 08–06–00031–CV.

Court of Appeals of Texas,
El Paso.

April 13, 2006.

Johnnie Lee Carter, El Paso, pro se.

Maria A. Salas–Mendoza, Assistant County Attorney, El Paso, for appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant Johnnie Lee Carter, proceeding *pro se*, filed a notice of appeal from the trial court's order, but did not pay the $125 filing fee required for the appeal or submit an affidavit of indigence before or at the time he filed this notice of appeal. *See* TEX.R.APP.P. 5; TEX.R.APP.P. 20.1; *see also* TEX.GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (Vernon 2005). By letters dated February 7, 2006 and March 2, 2006, the clerk of this Court notified Appellant that the filing fee had not been paid and that failure to pay the filing fee may result in dismissal of the cause pursuant to TEX. R.APP.P. 42.3(b) and (c) for want of prosecution or for failure to comply with the Rules of Appellate Procedure or with a clerk's notice requiring a response or other action within a specific time.

In response to the notification, Appellant provided a copy of his "Affidavit of Inability to Give Security for Costs," which was filed in the trial court on September 20, 2005, and stated that as an indigent party, he is not required to pay cost. An affidavit of inability to pay trial court costs filed pursuant to TEX.R.CIV.P. 145 does not satisfy the requirement that for appeal, an affidavit of indigence be filed in accordance with Rule 20.1. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 758 (Tex.App.-Amarillo 1998, pet. denied). Appellant did not file a post-judgment affidavit of indigence with his notice of appeal. *See* TEX.R.APP.P. 20.1. Neither did he file a motion for extension of time to file the affidavit. *See* TEX.R.APP.P. 20.1(c)(3). Failure to timely file an affidavit of indigence or a motion for extension of time to file the affidavit precludes appeal without payment of costs. *See* TEX.R.APP.P. 20.1; *Ford v. Whitehead*, 2 S.W.3d 304, 306 (Tex.App.-San Antonio 1999, no pet.).

Accordingly, because Appellant did not establish indigence or pay the required filing fee, we dismiss the appeal. *See* TEX. R.APP.P. 5 (allowing enforcement of rule); TEX.R.APP.P. 42.3(b), (c)(involuntary dismissal in civil cases).