COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LAWRENCE WENDELL FEW, | § | No. 08-06-00234-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th District Court |
| CATHERINE JEANNE FEW, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2003CM4130) |
| | § | |

## O P I N I O N

Appellant, Lawrence Wendell Few, appeals the trial court's order finding that he was not indigent and ordering him to pay the costs for production of any portion of the record that he designates for appeal. We affirm.

## I. BACKGROUND

Appellee, Catherine Jeanne Few, filed suit for divorce from Lawrence Wendell Few in June 2003. During the pendency of the divorce case, Lawrence was convicted of criminal solicitation to commit capital murder of Catherine. The final decree of divorce was signed on July 6, 2006. The decree awarded Lawrence a motorcycle, a truck, diamond rings, a watch, and any personal items in his possession and control. In addition, it awarded him any community property not listed in Catherine's inventory.

On July 25, 2006, Lawrence, appearing *pro se*, filed a notice of appeal. On August 7, 2006, Lawrence filed two affidavits, one entitled "Paupers Affidavit" and the other entitled "Affidavit of Indigence of Lawrence W. Few." The Pauper's Affidavit recites that Lawrence is indigent and

appearing *pro se*, but does not offer any details as to his financial condition. The Affidavit of Indigence recites that Lawrence has no cash or bank accounts "that are accessible because of divorce." The affidavit further recites that Lawrence has "no property, real estate, stocks, bonds, notes, automobiles, or other valuable property including any furniture or clothing." The affidavit further states that "[e]verything was destroyed by fire." Two days after the affidavits were filed, Janie D. Ruiz, Rebecca Macias, Christina A. Sutton, Patricia R. Madrid, and Laura T. Bernadette, court reporters for the trial court, contested Lawrence's indigency affidavit.

On August 15, 2006, the trial court held a show cause hearing regarding Appellant's inability to pay. At the hearing, Lawrence argued that he had previously filed many affidavits of indigence during the trial that had been accepted by the trial court. Lawrence argued that the court reporters failed to timely contest these affidavits and that, because he was incarcerated, indigency is presumed. As evidence of his incarceration, Lawrence filed a note purportedly from a jail official indicating that he had been booked into jail on July 10, 2003.

Counsel for the court reporters, Scott Foster, responded that the reporters' contest of the affidavits was timely filed under Texas Rule of Appellate Procedure 20.1. Foster called Lawrence as a witness and asked him about certain property that he was awarded in the divorce decree. Lawrence first testified that the motorcycle which he had been awarded was untitled and had been destroyed, but later testified that an insurance company had title to the motorcycle and that it was in Catherine Few's possession. Lawrence testified that the diamond rings and a 1997 Ford pickup truck which he had been awarded in the divorce decree had been given to an individual named Jay J. Armes, who subsequently sold them.

Foster requested that the trial court take judicial notice of the record in the case, including

2

the divorce decree that awarded certain property to Lawrence. Lawrence testified on his own behalf that he was broke, that he did not have a penny, and that he was relying on friends and former customers to get him "$10 a week or something."

Rebecca Macias testified that she was one of the court reporters who took a portion of the record in the case and that there were a total of six or more court reporters who had taken portions of the record. Macias testified that there were approximately two thousand pages of record in the case and that there had been forty-six hearings. According to Macias, the cost for the court reporters to produce the entire record would be at least $8,000. Patricia Madrid testified that her estimated cost to produce the portion of the record that she took was $1,855.

The trial court issued an order in which it found that Lawrence did not have an inability to pay for the costs of production and ordered him to pay for the costs of producing any portion of the record which he designated for the purposes of his appeal. The trial court found that Lawrence had failed to comply with the trial court's order to produce an inventory and appraisement prior to the trial on the merits; that, during the pendency of the case, Lawrence had been convicted of criminal solicitation to commit the capital murder of Catherine Few and was sentenced to fifty years in prison; that Lawrence was represented by numerous attorneys during the case, for which the trial court had allowed disbursement of community funds; that, on the final day of the trial on the merits, Lawrence's mother, Susan Few, alleged that she had advanced him the sum of $75,000 for his attorneys' fees, for which she sought recovery from the community estate; and that Lawrence had "a lot of" money made available to him during the pendency of the case.

The trial court also found that, in the final decree of divorce, Lawrence had been awarded: (1) a computer printer and DVD player; (2) jewelry and personal effects valued at $572; (3) two

items of jewelry in the possession of Jay J. Armes, valued at $7,616; (4) a 1997 Ford turbo diesel truck valued at $11,375; and (5) a 2002 Kawasaki Ninja motorcycle valued at $5,400. The trial court also found that Lawrence had been awarded "[a]ny other community property, where ever located, not listed in 13A of the Petitioner's Inventory and Appraisement, of which Lawrence Wendell Few has always maintained that there is [sic] millions of dollars of other community property that Petitioner has failed to list."

Lawrence appealed the trial court's order. He subsequently filed a motion in this Court entitled "Lawrence W. Few's Motion for Free Appellate Record" in which he requested that all of the pleadings, motions, and hearing transcripts be made part of the appellate record for appeal of the divorce decree. Appeal of the divorce action has been abated pending final disposition of the trial court's order requiring Lawrence to pay the costs for production of the record.

## II. DISCUSSION

### A. Standard of Review

A party may bring an appeal as an indigent, if he complies with Texas Rule of Appellate Procedure 20.1. *See Arevalo v. Millan*, 983 S.W.2d 803 (Tex. App.--Houston [1st Dist.] 1998, no pet.). If an affidavit of indigence is challenged by the clerk or court reporter, the affiant must prove indigency. TEX. R. APP. P. 20.1(e). In the trial court, the test for indigency is whether the party proves, by a preponderance of the evidence, that he would be unable to pay the costs, if he really wanted, and made a good faith effort, to do so. *See White v. Bayless*, 40 S.W.3d 574, 576 (Tex. App.--San Antonio 2001, pet. denied). When a trial court sustains a contest to an affidavit of indigence, we review the trial court's ruling under an abuse of discretion standard. *Id.*; *Arevalo*, 983 S.W.2d at 804. A trial court abuses its discretion when its action is arbitrary or unreasonable or

4

without reference to any guiding rules or principles. *Housing Auth. of City of El Paso v. Guerra*, 963 S.W.2d 946, 952-53 (Tex. App.--El Paso 1998, pet. denied).

## B. Denial of Indigency

Lawrence's first seven issues relate to the trial court's order sustaining the contest to his affidavit of indigence. Lawrence argues that he was indigent; that he was incarcerated; that the contest to his affidavit was untimely; that he did not have any property; and that he had previously been found indigent in a federal court proceeding.

We note from the outset that, although Lawrence appears *pro se* in this matter, *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.--El Paso 2006, no pet.). Once a contest to an affidavit of indigence is filed, the party who filed the affidavit has the burden to prove the affidavit's allegations. TEX. R. APP. P. 20.1(g). Thus, Lawrence had the burden to prove, as stated in his affidavit, that he had "no property, real estate, stocks, bonds, notes, automobiles, or other valuable property including any furniture or clothing."

Throughout the show cause hearing, Lawrence denied having any money or any assets. However, the trial court took judicial notice of the record in the case, including the final divorce decree. Pursuant to the decree, Lawrence was awarded various items of property, including a pickup truck, a motorcycle, a watch, and diamond rings. The decree also awarded Lawrence any items within his sole possession and control, and any community property not listed on Catherine Few's inventory and appraisal of community property. Lawrence testified at the hearing first that the

5

motorcycle had been destroyed and later that it was in Catherine Few's possession.[1] Lawrence testified that the truck and the diamond rings were given to another individual, who sold them. Lawrence testified that he did not know about the watch. The trial court noted at the hearing that Lawrence had maintained throughout the divorce proceedings that Catherine's inventory failed to list millions of dollars worth of community property.[2] The trial court also noted that Lawrence had refused to file his own inventory in the divorce proceeding.[3] Given the evidence offered at the show cause hearing, we conclude that the trial court did not abuse its discretion in sustaining the court reporters' contest.

As for his argument that his incarceration proved his indigence, Rule 20.1(g) provides that "[i]f the indigent party is incarcerated at the time the hearing on a contest is held, the affidavit must be considered as evidence and is sufficient to meet the indigent party's burden to present evidence without the indigent party's attending the hearing." TEX. R. APP. P. 20.1(g). Contrary to Lawrence's apparent arguments, Rule 20.1(g) does not provide that incarceration proves indigency. Lawrence still had to meet his burden to show that he was indigent.

Lawrence also argues that he had previously submitted affidavits of indigence. However, "[a]n affidavit of inability to pay trial court costs filed pursuant to Tex. R. Civ. P. 145 does not satisfy the requirement that for appeal, an affidavit of indigence be filed in accordance with Rule 20.1." *Carter v. El Paso County*, 225 S.W.3d 272, 272 (Tex. App.--El Paso 2006, no pet.) (citing *Holt v. F.F. Enters.*, 990 S.W.2d 756, 758 (Tex. App.--Amarillo 1998, pet. denied)). The affidavits

---

[1] We note that, in his appellate brief, Lawrence claims that the motorcycle was given to a business associate in California and was essentially worthless.

[2] In the divorce decree, Lawrence was awarded any such community assets.

[3] In his brief, Lawrence admits that he did not file an inventory.

6

filed by Lawrence during the pendency of the trial or in another proceeding were therefore not proof of his indigency for the purposes of appeal of the divorce action.

We also affirm the trial court's ruling, because the affidavits were not timely filed. Rule 20.1 requires the party seeking to appeal without payment of costs to file an affidavit of indigence with or before the notice of appeal. TEX. R. APP. P. 20.1(c)(1). "Rule 20.1(c) strictly requires that an appellant file an affidavit of indigency with or before the notice of appeal." *Ford v. Whitehead*, 2 S.W.3d 304, 306 (Tex. App.--San Antonio 1999, no pet.) (holding that amended notice of appeal adding only an omitted affidavit of indigency did not comply with Rule 20.1(c)). Lawrence filed his notice of appeal on July 25, 2006, but he did not file his affidavits until August 7. He therefore failed to meet the requirements of Rule 20.1(c)(1). Lawrence's first seven issues are overruled.

### C. Recusal

In Issue No. Eight, Lawrence contends that the trial judge should have recused himself from the indigency hearing. In Issue No. Ten, Lawrence contends that the trial judge "abused his discretion as a result of erring on the application of all the TRAP rules involved because of his obvious involvement and vendetta against appellant." We read Issue No. Ten as also raising the issue of recusal. The docket reflects that motions to recuse the trial judge were filed on March 3, March 17, and September 21, 2006, and that an order concerning the March 3 motion to recuse was issued on March 16, 2006.[4] However, the clerk's record does not contain the March 17 motion, but only those filed after the hearing. Nor was the issue of recusal raised at the show cause hearing. We cannot consider documents that are not included in the record. *See Ceballos v. El Paso Health Care*

---

[4] Few filed two more motions to recuse the trial judge following the show cause hearing. Few had filed motions to recuse prior trial judges on April 6, 2004, and on February 4, February 10, March 21, and July 20, 2005. The trial judge noted at the show cause hearing that he was the fourth or fifth judge to preside over this case.

*Sys.*, 881 S.W.2d 439, 445 (Tex. App.--El Paso 1994, writ denied); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex. App.--Dallas 2005, no pet.) (appellant's failure to include motion to recuse, order, or hearing record in appellate record resulted in waiver of issue). Accordingly, the issue of recusal has been waived with respect to this appeal. Issues Nos. Eight and Ten are overruled.

### D. Issues Nos. Nine and Eleven

At the outset of his brief, Lawrence lists his ninth issue as whether the trial court erred in not granting a new trial. In Issue No. Eleven, he asserts that "[t]he bill of exception that was filed and heard on the last day of the divorce case clearly showed that the appellant had no possible way of producing a [sic] inventory." These issues do not relate to this appeal, which only concerns the trial court's ruling on the contest of Lawrence's affidavit of indigence. Rather, it appears that these issues relate to an appeal of the divorce decree, which has been abated by this Court, pending the disposition of this appeal. In any case, Lawrence does not brief these issues, does not present any argument, and does not cite to the record or to any authority. For this reason, these issues are waived. *See* TEX. R. APP. P. 38.1(h); *Ratsavong v. Menevilay*, 176 S.W.3d 661, 666 (Tex. App.--El Paso 2005, pet. denied), *cert. denied*, ___ U.S. ___, 127 S. Ct. 253 (2006). Issues Nos. Nine and Eleven are overruled.

### E. Issues Presented for the First Time in Reply Brief

In his reply brief, Lawrence seeks to add various new issues to this appeal. However, these issues have not been preserved for appellate review, because they were not raised in his original brief. *Gray v. Woodville Health Care Ctr.*, 225 S.W.3d 613, 620 (Tex. App.--El Paso 2006, pet. denied) (issue raised for the first time in reply brief was not preserved for appeal); *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.--Austin 2004, pet. denied) (the rules of

appellate procedure do not allow an appellant to include in a reply brief a new issue not raised by its original brief).

## III.  CONCLUSION

We affirm the ruling of the trial court and deny Lawrence's motion for a free appellate record.


KENNETH R. CARR, Justice

August 28, 2008

Before Chew, C.J., Carr, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment