COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JOHN FOX,


 Appellant,


v.


CITY OF EL PASO, THOMAS
MAGUIRE, WILLIAM STERN, MARIO
D'AGOSTINO, SAM JARVIS, AND
JOHN DOE(S),


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00092-CV



Appeal from the


County Court at Law No. 6


of El Paso County, Texas


(TC#2003-4386)



O P I N I O N

 John Fox, appearing pro se, appeals from an order dismissing his suit against the City of El
Paso, Thomas Maguire, William Stern, Mario D'Agostino, Sam Jarvis, and John Doe(s). Finding
no error, we affirm.

FACTUAL SUMMARY


 Appellant (Fox) filed his original petition on October 2, 2003 alleging that the City of El
Paso, and the named employees of the City of El Paso committed various torts or intentional torts. 
These torts included trespass, illegal search, and negligence in connection with Appellees' utilization
of various municipal codes. Appellees filed their first amended answer accompanied by a plea to
the jurisdiction of the court. Pertinent to the matters raised on appeal, it invoked sovereign
immunity, and another contention that Fox had failed to comply with the Texas Local Government
Code regarding judicial review condemnation actions thereby causing the court to lack subject-matter jurisdiction regarding Fox's claims.

 A hearing was held on Appellees' plea to the jurisdiction. The court issued a judgment
granting the plea to the jurisdiction.

DISCUSSION


 Fox asserts the following issues:

 1. Is dismissal with no explanatory opinion valid?


 2. How can a cause of action be considered dismissed when it was by style of the
order (by inaccuracies and consolidated status) undismissed?


 3. Are there now, by legally relevant appearances; no jurisdictional limitations, to
cause of actions?


 4. Are public officials subject to due process requirements?


 5. Do the Courts have an unbiased obligation to prevent abusive opposing
representation by prohibiting tax paid representation to Texas public officials civilly 
accused by official abuse victims in pro se and not applying standards of professional
integrity to opposing counsel, efforts to take disastrously unfair advantage of pro se
inexperienced ignorance?


 6. Does the court's unbiased obligation to enforce effective assistance of counsel
include allowing litigants in pro se (for lack of legal assistance availability) no
provision for unlicensed legal help in attempting to access justice nor allow any
procedural preference for the ineffectiveness of the helpless pro se litigant?


 7. Can intervention access to justice be discretionarily denied without cause of
hearing?


 8. As the professional opposition seems to assert, and exhibited by dismissals; are
court justiciability requirements and judicial review no longer applicable to likely
cases of official abuse?

 

 Initially, we must address Appellees' contention that Fox has waived his issues on appeal
because Fox has failed to provide this Court with an adequate discussion of the facts and authorities
to maintain an argument. We agree.

 The Texas Rules of Appellate Procedure require that appellate briefs "contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the
record." Tex.R.App.P. 38.1(i); Wil-Roye Inv. Co. II v. Washington Mut. Bank, F.A., 142 S.W.3d
393, 411 (Tex.App.-El Paso 2004, no pet.).

 In this instance, as Fox is appealing from the granting of Appellees' plea to the jurisdiction,
Fox must allege facts that affirmatively establish subject-matter jurisdiction, and if the case is
dismissed on that basis, he must, on appeal, attack all independent grounds that fully support the
adverse trial ruling. Fox v. Maguire, 224 S.W.3d 304, 307 (Tex.App.-El Paso 2005, pet. denied). 
If an appellant fails to do so, the reviewing court must affirm.

 With the possible exception of Issue No. Six, (1) Fox cites no legal authority, and he does not
provide any pertinent legal analysis attacking the court's determination that it did not have subject-matter jurisdiction over the cause.

 Fox filed a reply brief in which he raised four new issues apart from those urged in this initial
brief. The Rules of Appellate Procedure do not allow an appellant to raise an issue in a reply brief
which was not included in his original brief. Tex.R.App.P. 38.3. Consequently, Fox has failed to
preserve these assertions for review. See Few v. Few, 271 S.W.3d 341, 347 (Tex.App.--El Paso
2008, pet. denied); Gray v. Woodville Health Care Center, 225 S.W.3d 613, 620 (Tex.App.--El Paso
2006, pet. denied). Accordingly, all of Appellant's issues are overruled.

CONCLUSION


 We affirm the judgment of the trial court.

 

 GUADALUPE RIVERA, Justice

July 22, 2009


Before McClure, J., Rivera, J., and Macias, Judge

1. In this issue Fox cites some authority for his contention the appellate courts must excuse the lack of
expertise and experience of pro se litigants, and must deal with them more favorably than they would with licensed
attorneys in order to avoid the exploitation by such attorneys. However, in order to prevent unfair advantage over
litigants represented by counsel, pro se litigants in Texas are held to the same standards as licensed attorneys and are
required to comply with applicable laws and procedural rules. Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005);
Fox v. Wardy, 234 S.W.3d 30, 33 (Tex.App.-El Paso 2007, rev. dism'd w.o.j.).