COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL DAWSON, | § | No. 08-10-00158-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 109th Judicial District Court |
| | § | |
| JESSICA ELIZABETH DAWSON, | | of Winkler County, Texas |
| | § | |
| Appellee. | | (TC# 15,702) |
| | § | |

**MEMORANDUM OPINION**

This appeal is before the Court on its own motion to determine whether it should be dismissed. Because Appellant has failed to pay the filing fee or file a brief, we will dismiss the appeal.

Appellant filed his notice of appeal on May 21, 2010, but he did not pay the $125 filing fee or submit an affidavit of indigence. By letter dated June 9, 2010, the clerk of this Court instructed Appellant to pay the filing fee within twenty days from the date of the letter. The clerk advised Appellant that failure to pay the filing fee could result in dismissal of the appeal. Appellant did not respond to the letter, but he filed an affidavit of indigency in the trial court on July 12, 2010. This affidavit was untimely because it was not filed before or with the notice of appeal and Appellant did not file a motion for extension of time to file the affidavit. *See* TEX.R.APP.P. 20.1(c)(1), (3); *see also* TEX.R.APP.P. 5 (requiring parties to pay the filing fees at the time an item is presented for filing); *Few v. Few*, 271 S.W.3d 341, 346 (Tex.App.--El Paso 2008, pet. denied)(stating that Rule 20.1(c) strictly requires that the affidavit of indigency be filed

before or with the notice of appeal).

By letter dated July 19, 2010, the clerk again instructed Appellant to pay the filing fee within twenty days and that failure to do so could result in dismissal of the appeal. Appellant did not respond.

Finally, by letter dated August 31, 2010, the clerk notified Appellant of the Court's intent to dismiss this appeal for want of prosecution due to his failure to file a brief or request an extension of time to do so. The clerk advised Appellant that the appeal would be dismissed without further notice unless the Court received a response within ten days providing a reason why the appeal should be continued. Appellant did not respond to this letter.

This Court has the authority to dismiss an appeal if the appellant fails to comply with the appellate rules or a notice from the clerk requiring a response or other action within a specified time. *See* TEX.R.APP.P. 42.3(c). The Court also has the authority to dismiss an appeal for want of prosecution if the appellant fails to file a brief within the time prescribed and provides no reasonable explanation for the failure. *See* TEX.R.APP.P. 38.8(a)(1). Appellant failed to pay the filing fee or submit a timely affidavit of indigency, failed to file a brief, and failed to respond to the clerk's letters. Accordingly, this appeal is dismissed.

September 22, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-2-