**Motion Denied; Order filed May 14, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00824-CV
_____

### MARTHA RANGEL GONZALEZ, Appellant

### V.

### VIRGILIO RAMON-SAVALZA, Appellee

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-23305**

## ORDER

This is an appeal from a judgment signed August 12, 2012. Appellant filed notice of appeal on August 30, 2012. On December 10, 2012, appellant filed an affidavit of indigence in this court. *See* Tex. R. App. P. 20.1(d)(2). On January 22, 2013, the Harris County District Clerk filed a contest to appellant's affidavit of inability to pay costs. The contest was set for submission before the trial court on February 6, 2013. On February 13, 2013, the trial court found appellant is not

indigent sustaining the district clerk's contest. The trial court made the following findings:

> One, no Notice of Appeal and no request for reporters record were timely filed and served to the court reporters. Apparently, four court reporters have worked on this case.
>
> Two, the value of the assets awarded to Appellant in the Decree of Divorce constitutes an unequal division of the community property in her favor and includes real estate of a value of $80,000 with no mortgage, and a 2007 Ford F150 motor vehicle with the value in the record of $60,000. The real estate, under the testimony, had a value of $80,000 without a mortgage.
>
> Three, no evidence was produced by Appellant as to any reason for her being without employment.
>
> Four, no evidence was produced by Appellant to reflect any efforts to borrow funds to pay the costs of this appeal.
>
> Five, Appellee's Response to Motion for Indigent Status filed with the Court December 30th, 2012 under the heading, "Procedural History," correctly and accurately sets forth the facts and is adopted by the Court as additional Findings of Facts.
>
> Six, the Trial Court adopts the Inadequacy of Affidavit contentions of the Appellee's Response to the Motion for Indigent Status, and finds the Affidavit of Indigency is insufficient as a matter of law.
>
> Seven, Trial Court adopts and approves the Appellee's Response to Motion for Indigent Status in its entirety as a correct statement of the Findings and Conclusions by the Trial Court.

On February 28, 2013, after receiving the trial court's findings, this court denied appellant's motion to proceed without payment of costs. On April 26, 2013, appellant filed a motion for reconsideration with this court requesting that we reconsider our order denying appellant's motion to proceed without payment of costs.

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed without payment of costs is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if she really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.–Houston [1st Dist.] 1991, orig. proceeding).

The burden of proof at the hearing on the contest to the affidavit is on the individual alleging indigence. *See* Tex. R. App. P. 20.1(g). At the hearing on the District Clerk's contest, the trial court took judicial notice of the decree of divorce, which is the judgment being appealed. In the property division, appellant received a house, all household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in her possession, cash in her possession, and a 2007 Ford F-150 motor vehicle. The debts allotted to appellant included all debts solely incurred by her from July 22, 2009 to the present, all encumbrances, ad valorem taxes, liens, assessments, or other charges on the real property, and any amounts owed to the Internal Revenue Service based on separate tax returns. Each party was assessed his or her own attorney's fees.

In her affidavit of indigence filed in this court, appellant stated that her only income is rental income of $1,000.00 per month. Her expenses include $300.00 per month rent and $200.00 per month for food, $60.00 for laundry, $45.00 for

cellular phone, and $100.00 for gasoline. She owes $18,000.00 to St. Joseph's Hospital for an emergency room visit and medical testing. She also stated that she owes her attorney for his work on the divorce.

Appellant received real and personal property as a result of the divorce decree. She failed to show the trial court abused its discretion in sustaining the contest to her affidavit of indigence. *See Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied) (appellant who received assets in the divorce did not show abuse of discretion in trial court's sustaining contest to affidavit of indigence). Accordingly, we find the trial court did not abuse its discretion in denying appellant's request to proceed without the payment of costs.

Therefore, appellant's motion for reconsideration is denied and appellant is directed to pay or make arrangements to pay for the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellant provides this court with proof of payment for the record within fifteen days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

PER CURIAM