**Motion Denied; Order filed June 10, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00397-CV

_____

### BENEDICT EMESOWUM, Appellant

### V.

### CHRISTMAS EVE MORGAN, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1024921**

---

## ORDER

On May 6, 2013, appellant filed a notice of appeal from the trial court's final judgment signed April 29, 2013. Appellant also filed a request to proceed on appeal as a pauper without the advance payment of costs. *See* Tex. R. App. P. 20.1(2) (requiring party claiming indigence to file an affidavit in compliance with the rule). The County Clerk of Harris County filed a contest to the affidavit on May 7, 2013, complaining that appellant had not complied with the affidavit requirements in Rule 20.1. *See id.* 20.1(e). The County Clerk also moved for an

extension of time to conduct a hearing on the contest. *See id.* 20.1(i). On May 9, 2013, the trial court signed an order granting a 20-day extension of time for the hearing on the contest. *See id.* 20.1(i)(3). On May 21, 2013, the court signed an order sustaining the contest. On May 30, 2013, appellant filed a notarized statement in the trial court reflecting that appellant owns no property, receives no government assistance, has self-employment income of $1,000 per month, has expenses of $900 per month, and has $360 in his checking account.

On May 30, 2013, appellant filed a notice in this court complaining of the trial court's denial of his claim of indigence. In his notice, appellant states that he has filed a notarized affidavit containing details of his indigence claim. We construe appellant's notice as a timely motion to review the trial court's decision. *See* Tex. R. App. P. 20.1(j) (stating that when a party claiming indigence challenges the order sustaining a contest, the motion must be filed within 10 days of the court's ruling, or within 10 days after the notice of appeal is filed, whichever is later). The clerk's record was filed May 24, 2013, and the court reporter advised this court that no record was made of these proceedings. Pursuant to our order, a supplemental clerk's record was filed June 6, 2013.

We review a trial court's order sustaining a contest to a claim of indigence under an abuse-of-discretion standard. *See Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied); *Arevelo v. Milan*, 983 S.W.2d 803 (Tex. App.—Houston [1st Dist.] 1998, no pet). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010).

When a claim of indigence is contested, the claimant has the burden to prove indigence by a preponderance of the evidence. *Higgins v. Randall Cnty Sheriff's*

*Office*, 257 S.W.3d 684, 686 (Tex. 2008); *see also* Tex. R. App. P. 20.1(g). The test for determining indigence in the trial court is whether "the record as a whole show[s] by a preponderance of the evidence that the applicant would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so." *Higgins*, 257 S.W.3d at 686.

First, the trial court acted within its discretion in sustaining the contest because appellant did not file an affidavit in compliance with Rule 20.1. Appellant's initial request does not contain any of the information required by Rule 20.1(b), and it is not sworn or notarized. Appellant's amended statement filed May 30, 2013, also does not meet the requirements for an affidavit. "'Affidavit' means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code § 312.011. When a written statement does not meet this basic definition, it is not an affidavit. *Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 316 (Tex. 2012). The amended statement does not reflect that appellant stated the facts therein under oath; the notary merely signed the statement. The record before this court also contains no extrinsic evidence or other indication that the statement was sworn to by appellant. *See id.* at 317.

In addition, the amended statement reflects that appellant receives income of $1000 per month and could pay for preparation of the record if "he really wanted to and made a good-faith effort to do so." *See Higgins*, 257 S.W.3d at 686. In fact, appellant has paid for preparation of the clerk's record and the appellate filing fee.

Therefore, we hold that the trial court did not abuse its discretion in sustaining the contest to appellant's affidavit. Accordingly, appellant is not entitled

3

to proceed without the advance payment of costs in this appeal. We deny appellant's request to overturn the trial court's decision, and the court's May 21, 2013 order is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.