

## NUMBER 13-14-00693-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

MARIANN BACHARACH,                                                    Appellant,

v.

EUFEMIA GARCIA,                                                        Appellee.

### On appeal from the 389th District Court of Hidalgo County, Texas.

## ORDER

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Per Curiam

In the underlying case, appellee Eufemia Garcia sued appellant Mariann Bacharach for, among other causes of action, libel and slander. Proceeding pro se in the trial court and now on appeal, appellant filed a motion to dismiss under chapter 27 of the Texas Civil Practice and Remedies Code (Texas's anti-SLAPP statute), alleging that

appellee's lawsuit was in response to appellant's exercise of her right to free speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West, Westlaw through 2013 3d C.S.). The trial court denied appellant's motion to dismiss on October 16, 2014, and appellant filed her notice of appeal in the trial court on November 12, 2014. *See id.* §27.008(b) (West, Westlaw through 2013 3d C.S.); *see also KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding that "section 27.008 permits an interlocutory appeal from the trial court's written order denying a motion to dismiss under" chapter 27); *San Jacinto Title Servs. of Corpus Christi, LLC. v. Kingsley Properties, LP*, No. 13-12-00352-CV, 2013 WL 1786632, at *5 (Tex. App.—Corpus Christi Apr. 25, 2013, pet. denied) (same).

On December 15, 2014, appellant filed an affidavit of indigency in the trial court, describing her income, receipt of government food assistance, debt, expenses, and current employment status. *See* TEX. R. APP. P. 20.1(a)(2), (b). Appellee filed a motion to contest appellant's affidavit of indigency on December 23, 2014, arguing that the affidavit was untimely and that appellant had sufficient income and other resources to pay for the costs of her appeal. On January 5, 2015, appellant filed an unsworn declaration, refuting the assertions about her financial situation in appellee's contest. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (West, Westlaw through 2013 3d C.S.) (". . . [A]n unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.").

On January 8, 2015, the trial court held a hearing on appellee's contest. Appellant did not appear at the hearing. In granting appellee's contest and denying appellant indigent status, the trial court made the following statement:

The Court's going to find that Mrs. Bacharach has to establish her indigency. She is not here to establish her indigency; therefore, there is no evidence before this Court that she is indigent. The contest of her affidavit and the parties here who are contesting her affidavit do have the right to question Mrs. Bacharach as to her as indigency, so therefore since she is not here, I'm going to grant their contest and consider defendant's—I've considered the defendant's affidavit of indigency. I'm going to find that her affidavit of indigency is denied.

The trial court issued its written order denying appellant's affidavit of indigency the same day. No findings of fact were requested or filed. Appellant then filed a motion to challenge the trial court's ruling on indigency with this Court. *See* TEX. R. APP. P. 20.1(j)(1).

"When a trial court sustains a contest to an affidavit of indigence, we review the trial court's ruling under an abuse of discretion standard." *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied); *see also Roblin v. Briggs*, No. 13-09-00475-CV, 2010 WL 4264793, at *2 (Tex. App.—Corpus Christi Oct. 28, 2010, no pet.) (mem. op.). "A trial court abuses its discretion when its action is arbitrary or unreasonable or without reference to any guiding rules or principles." *Few*, 271 S.W.3d at 345; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Here, we do not believe the trial court abused its discretion in sustaining appellee's contest to appellant's affidavit of indigency because appellant's affidavit was untimely.[1]

---

[1] We note that the trial court appears to have granted appellee's contest on the ground that appellant failed to appear at the hearing and present evidence. But appellant's unsworn declaration filed subsequent to appellee's contest was some evidence from which the trial court could have addressed the merits. See TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (West, Westlaw through 2013 3d C.S.). Nonetheless, because appellant's affidavit was untimely, *see* TEX. R. APP. P. 20.1(c)(1), and because we must affirm the trial court's order if it is supported by any legal basis evidenced in the record, *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) ("Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence."), we do not reach the propriety of the trial court's stated basis for ruling as it did.

"'Rule 20.1(c) strictly requires that an appellant file an affidavit of indigency with or before the notice of appeal.'" *Few*, 271, S.W.3d at 346 (quoting *Ford v. Whitehead*, 2 S.W.3d 304, 306 (Tex. App.–San Antonio 1999, no pet.)); *see Kindle v. United Servs. Auto. Ass'n*, 357 S.W.3d 377, 380 (Tex. App.—Texarkana 2011, pet. denied) ("Where a litigant fails to timely file an affidavit of indigency pursuant to Rule 20.1, the trial court does not abuse its discretion in finding that the litigant is not indigent."). Although appellant filed her notice of appeal on November 12, 2014, she did not file her affidavit of indigency until over a month later on December 15, 2014. Thus, because appellant's affidavit was not timely, we cannot conclude the trial court's ruling was arbitrary or unreasonable or without reference to any guiding rules or principles.

The Court, having fully examined and considered the available appellate record regarding the indigence matter, is of the opinion that the trial court properly granted appellee's contest to appellant's affidavit of indigency. Appellant's motion to challenge the trial court's ruling on indigency is therefore DENIED. Because appellant did not establish indigency, she is not entitled to a free appellate record. *See* TEX. R. APP. P. 20.1(k). We order that the remainder of the appellate record not already filed with the Court be filed within thirty days of this order.

PER CURIAM

Delivered and filed the 27th
day of January, 2015.