**Order filed October 14, 2021.**



**In The**

# Fourteenth Court of Appeals

————————

## NO. 14-21-00430-CV

————————

### IN THE INTEREST OF L.A.V. AND S.H.V., CHILDREN

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-03748J**

---

## ORDER

Appellants, A.V. (Mother) and T.V. (Father), proceeding pro se, appeal from a final order of termination signed July 7, 2021. On July 13, 2021, appellants each filed a Statement of Inability to Afford Payment of Court Costs in the trial court. Appellants filed their notice of appeal on July 27, 2021. In their notice of appeal, appellants stated they would be seeking review of the trial court's order overruling their Statements of Inability to Pay Costs.

The Department of Family and Protective Services (the Department) filed a contest to appellants' Statements of Inability. A hearing was held on July 16 and July 19, 2021. On July 29, 2021, the trial court signed an order sustaining the

contest and ordering appellants to pay costs on appeal.

Declarants who have filed a Statement of Inability to Afford Payment of Court Costs in the trial court may challenge a ruling that the declarant can afford to pay court costs by timely filing a motion *in the appellate court*. *See* Tex. R. Civ. P. 145(g)(1). The appellants in this appeal failed to file a motion in this court. Appellants did, however, file a motion challenging the trial court's July 29, 2021 order in the trial court. Appellants also provided this court with notice that they desired to seek review of the trial court's order in their notice of appeal, filed July 27. Had appellants' motion challenging the trial court's July 29, 2021 order been filed in this court instead of the trial court, it would have been timely under rule 145(g)(2).

Given the constitutional interests at stake in this parental-termination appeal, we will presume without deciding that a motion filed in this court under rule 145(g)(1) is implied under the present circumstances.

A party who files a Statement of Inability may be required to prove the inability to afford payment of costs at an evidentiary hearing, but the party may not be required to pay court costs unless the trial court holds an evidentiary hearing, with proper notice given to the declarant. *See* Tex. R. Civ. P. 145(f)(1). If the trial court determines that the declarant can afford to pay court costs, the trial court must issue an order containing detailed findings. *See* Tex. R. Civ. P. 145(f)(2). Here, the trial court failed to file detailed findings. On September 20, 2021, this court ordered the trial court to supplement with detailed findings. *See In re L.A.V. and S.H.V.*, No. 14-21-00430-CV, 2021 WL 4270020 at \*1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2021, order). Those findings were filed in this court on October 4, 2021.

The following is a summary of the trial court's findings:

- Mother was previously employed by her own father, but she currently refuses to seek employment with him because he supports the termination of her parental rights.

- Mother has property she could sell to obtain funds to pay for costs, including a 2017 Volvo vehicle.

- Mother has family that will help her financially so long as Mother remains sober.

- Mother could pay court costs if she made a good faith effort to find employment based on her testimony that she was positive that she would have a job by the end of July 2021 paying between $45,000 - $70,000.

- Mother could pay for court costs if she made good faith effort to obtain lines of credit but has not made such an effort.

- Mother and Father are a marital couple sharing a household.

- Father's income is available to Mother. Mother testified that she believes Father will be able to provide her with a stable and consistent income in the future as he had in the past.

- Father could pay for court costs if he made a good faith effort to seek employment based on his recent employment history of making $2,750 per week after taxes and his testimony that he had applied to several jobs with a salary range of $120,000-$150,000 annually.

- Father's testimony regarding his previous employment contract's end date was inconsistent.

- Mother and Father employed three private attorneys during the

pendency of the underlying case and another legal matter despite their unemployment.

- Mother and Father maintained stable housing, two vehicles, investment accounts, and other miscellaneous expenses. Their bank accounts showed large deposits from Venmo that Father could not explain. The couple also withdrew $2,000 from a savings account on the day of the hearing.

- Father is highly educated, holding three degrees, and a proven capability of earning a six-figure income. Neither parent has a disability preventing employment.

- Mother and Father were so confident they would obtain employment at the time of the hearing, they testified they were considering a new residence costing $1,200 a month, despite being unemployed.

Based on these findings, the trial court concluded appellants could afford to pay costs on appeal.

## Standard of Review

We review a trial court's order using an abuse-of-discretion standard. *In re C.D.S.*, 172 S.W.3d 179, 184 (Tex. App.—Fort Worth 2005, no pet.). We may find an abuse of discretion by the trial court only if the trial court's ruling is "so arbitrary and unreasonable as to be clearly wrong." *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Although a trial court may evaluate the declarant's credibility, the court may not disregard evidence establishing the declarant's inability to afford to pay court costs, particularly when that evidence is not rebutted. *Koehne v. Koehne*, No. 01-17-00016-CV, 2017 WL 2375789, at *2 (Tex. App.—Houston [1st Dist.] June 1, 2017, order). We may not

reverse the trial court's decision simply because we might have reached a different result. *In re G.S.*, No. 14-14-00477-CV, 2014 WL 4699480 at *20 (Tex. App.—Houston [14th Dist.] Sept. 23, 2014, no pet.).

In the trial court, the test for indigency is whether the party proves, by a preponderance of the evidence, that the party would be unable to pay the costs, if the party really wanted, and made a good faith effort, to do so. *Few v. Few*, 271 S.W.3d 341, 345 (Tex. App.—El Paso 2008, pet. denied).

**Analysis**

This court's review of the record supports the trial court's findings. Father testified at the trial on the merits, two months before the hearing, that he did not consider himself to be indigent, nor did he believe that he would become indigent in the foreseeable future. Appellants' bank statements and testimony demonstrated they indulged in expenses not customary to those seeking free costs on appeal, such as: subscribing to streaming entertainment services, food delivery and its associated fees, frequently dining-out or purchasing carry-out from restaurants, holding forgotten-about cryptocurrency and investment accounts and paying for a gym membership. Father testified he holds a bachelor's degree and two master's degrees and has a proven track record of finding and holding high-paying jobs. Mother has held a job with her own father but chooses not to work for him. Mother testified that she was positive she would find a new job. Mother's job prospects seemed bright, she had an interview the day of the hearing and three other interviews scheduled in the near term. Mother testified she was seeking employment as an executive assistant or office manager.

Moreover, there is evidence that during the 8-day trial on the merits, appellants never once hinted at financial strains; in fact, they presented themselves as very financially capable of caring for their children and themselves.

There is simply no evidence that would allow this court to find the trial court abused its discretion in sustaining the Department's contest to appellants' request to proceed without the payment of costs.

Therefore, the court denies appellants' implied motion challenging the trial court's July 29, 2021 order. Appellants are directed to pay or make arrangements to pay for the records in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellants provide this court with proof of payment for the record within **TEN** days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

PER CURIAM

Panel Consists of Justices Jewell, Spain, and Wilson.